779 A.2d 439 (2001)
343 N.J. Super. 552
Peter SCAFFIDI, Plaintiff-Appellant,
v.
Lewis L. HORVITZ, M.D., Cardiovascular Associates of the Delaware Valley, P.A., and Our Lady of Lourdes Medical Center, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued July 24, 2001.
Decided August 9, 2001.
*440 Benedict A. Casey, Philadelphia, PA, argued the cause for appellant (Beasley, Casey & Erbstein, attorneys; Mr. Casey, on the brief).
Sharon K. Galpern, Mount Laurel, argued the cause for respondents Lewis Horvitz, M.D. and Cardiovascular Associates of the Delaware Valley, P.A. (Stahl & DeLaurentis, attorneys; John A. Talvacchia and Ms. Galpern, on the brief).
Timothy P. O'Brien, Pleasantville, argued the cause for respondent Our Lady of Lourdes Medical Center (Paarz, Master, Koernig, Crammer, O'Brien & Bishop, attorneys; Mr. O'Brien, on the brief).
Before Judges SKILLMAN and LISA.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
The Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to 29, states that a plaintiff in a malpractice action may be relieved of the obligation to provide the defendant with an affidavit of merit if the defendant fails to provide medical records or other information "having a substantial bearing on preparation of the affidavit" within forty-five days of a request for such information. N.J.S.A. 2A:53A-28. The issue presented by this appeal is whether the plaintiff must give the defendant reasonable notice that particular medical records or other information are needed to prepare an affidavit of merit in order to obtain relief from this requirement. We conclude that such notice is required and that, because the plaintiff in this action received all the medical records required to prepare an affidavit of merit within forty-five days after giving the defendants this notice, the trial court correctly concluded that plaintiff was not entitled to relief from the requirement of providing an affidavit of merit within the time allowed under N.J.S.A. 2A:53A-27.
Plaintiff's complaint alleged that defendants Lewis L. Horvitz, M.D., Cardiovascular Associates of the Delaware Valley, P.A. (Cardiovascular Associates) and Our Lady of Lourdes Medical Center (Medical Center) were "negligent in the performance of Electro Physiology procedures on October 16, 1997 and October 17, 1997 and January 6, 1998 and in failing to warn of the risks of injury resulting in radiation burns to plaintiff's back, the risks of heart damage and ultimate need for open heart surgery." The complaint served on the Medical Center on December 29, 1999, was accompanied by uniform interrogatories and a multi-part notice to produce documents. The seventh entry on the notice to produce stated:
Kindly provide the procedure log from the [Electro Physiologic] laboratory for the procedures of October 16, 1997, October 17, 1997 and January 6-7, 1998.
The notice demanded production of these documents "within sixty (60) days." *441 Horvitz and Cardiovascular Associates filed their answer to the complaint on January 19, 2000, and the Medical Center filed its answer on February 4, 2000.
On February 3, 2000, plaintiff filed a motion for an extension of time to file an affidavit of merit. The supporting affidavit of plaintiff's attorney stated in part:
3. In order to complete a review of this issue by an expert, it is necessary to obtain the procedure log from the electro physiologic laboratory for a procedure on October 16 and 17, 1997 and January 6, 1998 as well as records of radiation monitoring for the above dates.
4. This information was requested from the defendant hospital in plaintiff's Interrogatories and Notice to Produce which were served on the Hospital on December 29, 1999 but have [not] yet been responded to. More than 45 days will have passed by the date on which this motion is returnable.
....
7. The information requested has "a substantial bearing on preparation of the Affidavit" as required by 2A:53A-28.
The motion sought to extend the time for filing an affidavit of merit for sixty days from when Medical Center responded to plaintiff's notice to produce. However, defendants' answering papers contended that plaintiff was only entitled to a sixty day extension from the expiration of the "initial sixty day time period." By letter dated February 23, 2000, plaintiff's counsel indicated that he agreed with this contention and noted his understanding that this meant the extended date for plaintiff filing an affidavit of merit would be May 16, 2000. In conformity with this letter, the trial court entered an order which extended the time for plaintiff to serve an affidavit of merit to May 16, 2000.
On March 3, 2000, the Medical Center provided the documents demanded by plaintiff's notice to produce, including the logs for the procedures performed on October 16 and 17, 1997, and January 6, 1998. Plaintiff acknowledges that he received those documents on March 8, 2000.
On May 16, 2000, plaintiff filed a motion for a second sixty day extension of time for filing an affidavit of merit. The supporting affidavit of plaintiff's counsel acknowledged that "[p]ursuant to an agreement of counsel an Order was entered on March 3, 2000 granting plaintiff until May 16, 2000 for filing of an `Affidavit of Merit'," and that plaintiff received the documents needed to provide an affidavit of merit on March 8, 2000. Nevertheless, the affidavit asserted that additional time was required to provide an affidavit of merit:
Because this matter requires a review by a neurophysiologist to verify the accuracy of the equipment as well as an analysis by an invasive cardiologist familiar with the electro physiology procedure, plaintiff has been unable to secure the necessary review by the present deadline of May 16, 2000.
Defendants opposed the motion on the ground that N.J.S.A. 2A:53A-27 only authorizes a court to grant a single sixty day extension of the time for filing an affidavit of merit. Defendants also filed cross motions to dismiss plaintiff's complaint.
In an answering affidavit, plaintiff asserted for the first time that because the Medical Center had not provided the logs of the procedures performed on plaintiff within forty-five days of service of the notice to produce that accompanied the complaint, plaintiff was not required to provide an affidavit of merit "at any time."[1]
*442 The trial court denied plaintiff's motion for a second extension of time to file an affidavit of merit on the ground that N.J.S.A. 2A:53A-27 only authorizes a single sixty day extension. The court also concluded that under the circumstances of this case, plaintiff was not excused from filing an affidavit of merit because the Medical Center failed to produce the logs of the procedures performed on plaintiff within forty-five days of service of his notice to produce. Accordingly, the court granted defendants' cross-motions to dismiss plaintiff's complaint.
The Affidavit of Merit Statute provides in pertinent part:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]
However, the Statute also provides:
An affidavit shall not be required pursuant to [N.J.S.A. 2A:53A-27] if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

[N.J.S.A. 2A:53A-28.]
Plaintiff's sole argument on appeal is that he was excused from filing an affidavit of merit pursuant to N.J.S.A. 2A:53A-28 because the Medical Center failed to produce the logs for the procedures performed upon him within forty-five days of his request.
Although N.J.S.A. 2A:53A-27 has been the subject of considerable judicial attention over the last few years, see, e.g., Hubbard v. Reed, 168 N.J. 387, 774 A.2d 495 (2001); Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 771 A.2d 1141 (2001); Burns v. Belafsky, 166 N.J. 466, 766 A.2d 1095 (2001), the only reported case that contains any discussion of N.J.S.A. 2A:53A-28 is Davies v. Imbesi, 328 N.J.Super. 372, 746 A.2d 40 (App.Div.2000). Davies noted that N.J.S.A. 2A:53A-28 does not address the question whether a defendant's failure to respond to a request for records required to complete an affidavit of merit entirely relieves the plaintiff "of the obligation to file an affidavit of merit or whether the defendant's lack of cooperation acts to toll the running of the statutory time frame within which the affidavit of merit would otherwise be required." Id. at 376, 746 A.2d 40. However, the court found it unnecessary to resolve this question because the plaintiff had failed to avail herself of the procedures set forth in N.J.S.A. *443 2A:53A-28 for relief from the requirement of filing a timely affidavit of merit. Id. at 376-78, 746 A.2d 40. For the same reason, the court in Davies had no occasion to consider the question presented by this appeal, which is whether a plaintiff must give a defendant reasonable notice that medical records or other information are required for the preparation of an affidavit of merit in order to be entitled to relief under N.J.S.A. 2A:53A-28. Consequently, we are writing on a clean slate.
N.J.S.A. 2A:53A-28 does not specifically indicate what form a request for the production of documents must take in order to excuse or postpone a plaintiff's obligation to file an affidavit of merit. Consequently, we must construe this provision in a sensible manner that furthers the underlying purpose of the statute. See Hubbard v. Reed, supra, 168 N.J. at 396, 774 A.2d 495.
The essential purpose of the Affidavit of Merit Statute is "to weed out frivolous lawsuits at an early stage" by requiring "a plaintiff in a malpractice case to make a threshold showing that the claims asserted are meritorious." Galik v. Clara Maass Med. Ctr., supra, 167 N.J. at 350, 771 A.2d 1141. N.J.S.A. 2A:53A-28 reflects a legislative recognition that a plaintiff may be prevented from making this showing if a defendant fails to produce essential medical records or other information. See Barreiro v. Morais, 318 N.J.Super. 461, 470-71, 723 A.2d 1244 (App.Div. 1999); Davies, supra, 328 N.J.Super. at 376, 746 A.2d 40. However, a plaintiff is not relieved of the obligation to provide an affidavit of merit simply because a defendant has failed to respond to a document request within forty-five days; N.J.S.A. 2A:53A-28 applies only to "medical records or other records or information having a substantial bearing on preparation of the affidavit[.]" A plaintiff may request a great variety of documents to assist in the preparation of a case that are not essential for the preparation of an affidavit of merit. Moreover, it generally would be difficult, if not impossible, for a defendant to distinguish between documents that have "a substantial bearing on preparation of the affidavit [of merit]" and documents that may simply aid the plaintiff in the eventual proof of a case at trial. Therefore, N.J.S.A. 2A:53A-28 must be construed to require a plaintiff to identify with specificity any medical records or other information he believes are needed to prepare an affidavit of merit, in order to trigger the running of the forty-five day period for a response.
Plaintiff's request for the logs of the medical procedures performed upon him was merely one of eight items listed on a notice to produce served upon the Medical Center together with the complaint. There was no indication in the notice that plaintiff needed these logs or any of the other requested documents to prepare an affidavit of merit. Moreover, the notice requested production of the documents within sixty days, rather than the forty-five day period provided under N.J.S.A. 2A:53A-28. Consequently, plaintiff's notice to produce failed to give the Medical Center reasonable notice that the procedure logs were required for preparation of an affidavit of merit. The first notice defendants received that the logs were needed for this purpose was the affidavit of plaintiff's attorney supporting plaintiff's motion for an extension of time to file an affidavit of merit, which was not served until February 3, 2000, more than one month after service of the complaint. After receiving this notice, the Medical Center produced the logs on March 8, 2000, which was well within the forty-five day period allowed under N.J.S.A. 2A:53A-28. Plaintiff had more than sixty days after *444 receipt of those records before expiration of the extended May 16, 2000 deadline for providing an affidavit of merit, but failed to do so. Therefore, we conclude that the request for the production of documents that accompanied plaintiff's complaint did not constitute a "written request" for "medical records ... having a substantial bearing on preparation of the affidavit [of merit]" and that plaintiff may not invoke N.J.S.A. 2A:53A-28 to excuse his failure to file a timely affidavit of merit.
Affirmed.
NOTES
[1] Consistent with this position, plaintiff has never provided defendants with an affidavit of merit.