811 A.2d 481

GERMAN GUZMAN AND MONICA GUZMAN, PLAINTIFFS–AP-PELLANTS, v. JERSEY CITY MEDICAL CENTER, DOCTORS DOE, M.D., NURSES ROE, R.N., JANE POES (MEDI-CAL/HEALTH CARE PROFESSIONALS) AND ABC COMPA-NIES (FICTITIOUS NAMES), DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 19, 2002—Decided December 13, 2002.

Before Judges STERN, COLLESTER and ALLEY.

*Steven Menaker*, argued the cause for appellants (*Chasan, Leyner, Bariso & Lamparello*, attorneys; *Mr. Menaker*, on the brief).

*Sam Rosenberg*, argued the cause for respondent Jersey City Medical Center (*Reiseman Rosenberg & Pfund*, attorneys; *Robert T. Gunning*, on the brief).

PER CURIAM.

Plaintiffs appeal from a judgment entered on September 24, 2001, which, "pursuant to *N.J.S.A.* 2A:53A–29," dismissed their complaint "for failure to state a cause for action" by filing the required affidavit of merit.[1] Plaintiffs argue that the case on

---

[1] The order was entered on defendant's motion for reconsideration after the filing of our opinion in *Scaffidi v. Horvitz*, 343 *N.J.Super.* 552, 779 *A.2d* 439

which the trial court relied, *Scaffidi v. Horvitz*, 343 *N.J.Super.* 552, 779 *A.*2d 439 (App.Div.2001), is distinguishable, that the dismissal should be reversed in light of our subsequent decision in *Aster ex rel Garofalo v. Shoreline Behavioral Health*, 346 *N.J.Super.* 536, 788 *A.*2d 821 (App.Div.2002), and that in any event they "substantially complied with the affidavit of merit statute," thus requiring reversal of the dismissal.

The issue is whether an affidavit of merit was required. *N.J.S.A.* 2A:53A–28 excuses the requirement if plaintiff certifies that the necessary medical records were requested and were not supplied by the defendant within forty-five days of the properly served request.

The plaintiff German Guzman [2] was taken to defendant's emergency room on June 16, 1997 by an EMS unit but left there when he felt ignored for too long a period of time. He called his wife who took him to his doctor's office from which he was taken to another hospital from which he was transported to the Hackensack University Medical Center for treatment. [3]

There is no dispute that a request to defendant for medical records was made by plaintiff's prior attorney in 1997, shortly after the event occurred, and almost two years before the complaint was filed. In October 1997, the Medical Center advised there were no records but that the EMS technicians might have a record of the transport that was supplied by defendant or otherwise obtained by plaintiff. According to the Medical Center's response, "[a]fter careful and thorough review of our files, we are unable to locate any record of treatment for this patient."

---

(App.Div.2001). *N.J.S.A.* 2A:53A–29 provides that "[i]f the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to [*N.J.S.A.* 2A:53A–27 or –28], it shall be deemed a failure to state a cause of action."

[2] Although his wife sues *per quod,* we hereinafter refer to plaintiffs in the singular.

[3] We accept plaintiff's recitation of the facts for purposes of this opinion even though his appendix does not contain all the material to which he refers.

The complaint was filed by different counsel on June 10, 1999, together with a notice to produce documents. The answer was filed July 22, 1999. The defendant produced a "redacted emergency room registration log" on October 12, 1999. Plaintiff's name was not on it.

Well within sixty days of the filing of an answer, plaintiff filed a "sworn statement in lieu of affidavit of merit," in which counsel certified that more than forty-five days earlier plaintiff requested discovery "having a substantial bearing on the preparation of an affidavit of merit," and that he is "relieved" from the responsibility of filing one in light of the failure of defendant to respond.

A plaintiff is excused from filing an affidavit of merit if the defendant does not produce the required medical records within the time limits embodied in *N.J.S.A.* 2A:53A–28. On the other hand, a plaintiff cannot avoid the affidavit of merit requirement of *N.J.S.A.* 2A:53A–27 by requesting documents he or she does not reasonably believe to exist and be necessary for "preparation of the affidavit." *N.J.S.A.* 2A:53A–28. In *Scaffidi v. Horvitz*, the documents were not produced within forty-five days of the notice to produce but were received within the sixty day extension authorized by *N.J.S.A.* 2A:53A–27. We affirmed the dismissal of Scaffidi's complaint because there "was no indication in the notice [to produce the medical records] that plaintiff needed these logs or any of the other requested documents to prepare an affidavit of merit." *Id.* at 559, 779 *A.2d* 439. We construed *N.J.S.A.* 2A:53A–28 "to require a plaintiff to identify with specificity any medical records or other information he believes are needed to prepare an affidavit of merit, in order to trigger the running of the forty-five day period for a response." *Ibid.* Because plaintiff's notice did not constitute a " 'written request' for 'medical records . . . having a substantial bearing on preparation of the affidavit [of merit],' " plaintiff could "not invoke *N.J.S.A.* 2A:53A–28 to excuse his failure to file a timely affidavit of merit." *Ibid.*

Plaintiff argues that *Scaffidi* applies only to a case in which the plaintiff received the necessary documents to prepare an affidavit

within the 120 day (60 day plus 60 day extension) time limit and that it is distinguishable because there plaintiff received the records within the sixty day extension period, whereas here over 120 days expired before the defendant ultimately responded in June 2000, that plaintiff's name was not on the Emergency Room log. However, defendant's original response was within 120 days of the answer and the "delay" was attributable to the wrong date in plaintiff's Notice to Produce. In any event, plaintiff cannot use the non-production as an excuse for non-compliance with the affidavit of merit requirement because he could not reasonably expect such documents to exist. Plaintiff clearly knew he was not attended to or seen in the defendant's emergency room and had the records of his doctor and the other two hospitals to which he was taken. In fact, we were told at oral argument that plaintiffs filed an expert report in June 2001 without production of any records by defendant.

Plaintiff argues he could reasonably expect that records existed because he was taken to defendant Medical Center by ambulance. But plaintiff testified in his deposition that he "walked into" the hospital from the ambulance, and that he called his wife to pick him up because he was not being attended to at all.

In *Aster v. Shoreline Behavioral, supra,* we reversed the dismissal of a complaint when records were not produced under section 28. We found that "the records requested by plaintiff presumptively had a substantial bearing on the ability to prepare an affidavit of merit, [defendant] did not establish a basis for a contrary finding, and plaintiff timely complied with *N.J.S.A.* 2A:53A–28 ..." 346 *N.J.Super.* at 539, 788 *A.2d* 821. Plaintiff sought the documents before filing the complaint and within the sixty day time period embodied in *N.J.S.A.* 2A:53A–27. The records were known to exist but defendant did not produce them without "an objectively adequate basis for withholding production of the medical records ... where the records ha[d] been requested by a patient and his legal representative." *Id.* at 543, 788 *A.2d* 821. While we held that in those circumstances we could presume

"the medical records not produced to the patient and his legal representative to have had 'substantial bearing on preparation of the affidavit' and to require the non-producing party ... to establish otherwise," *id.* at 549, 788 *A.*2d 821; *see also id.* at 544, 788 *A.*2d 821, there the records clearly existed and plaintiff had a reasonable expectation that they should be produced with respect to a fall occurring while the plaintiff's then eighty-four year old ward was "under defendant's care and custody." *Id.* at 540, 788 *A.*2d 821.

In this case, both before the complaint was filed and on October 12, 1999, within the 120 day time limit following the answer, plaintiff was advised that defendant had no medical records. Plaintiff had no objectively reasonable basis to believe otherwise in light of the nature of his complaint that defendant neglected to administer to his need and neglected him while he was in the emergency room. Hence, plaintiff could not reasonably rely upon defendant's non-production of medical records as a basis for his non-compliance with the requirement to file an affidavit of merit.

The judgment is affirmed.