BLD-245 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 18-3288

---

STEVEN KADONSKY,

Appellant

v.

ABU AHSAN, individually and in his official capacity;
DONIQUE IVERY, individually and in her official capacity;
NURSE LANCE, individually and in his official capacity;
CHARLES WARREN, individually and in his official capacity;
KENITH NELSON, individually and in his official capacity;
UNIVERSITY CORRECTIONAL HEALTHCARE;
NEW JERSEY DEPARTMENT OF CORRECTIONS;
JOHN AND JANE DOES 1-30, individually and in his/her/their official capacity(ies);
STEPHEN D'ILIO, individually and in his official capacity;
RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-07248)
District Judge: Honorable Michael A. Shipp

---

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2019
Before: AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed: August 7, 2019)

OPINION*

PER CURIAM

Steven Kadonsky, a New Jersey prisoner, appeals pro se from an order of the United States District Court for the District of New Jersey denying his motion for reconsideration. For the reasons that follow, we will summarily affirm.

In a complaint filed in state court in New Jersey, which was later removed to federal court and amended several times, Kadonsky alleged that he received inadequate medical care for neck pain. As relevant here, the District Court rejected Kadonsky's Eighth Amendment claim because "the record is devoid of any evidence that Defendants were deliberately indifferent to [Kadonsky's] actual injury." (ECF #68, p. 6). Furthermore, the District Court dismissed Kadonsky's medical malpractice claim because he failed to provide an affidavit of merit, as required by New Jersey law, or demonstrate the applicability of an exception to the affidavit requirement. (Id. at p. 7-10 (citing N.J. Stat. Ann. §§ 2A:53A-27; 2A-53A-28)). The District Court's order was entered on March 29, 2018. On May 2, 2018, Kadonsky filed a motion for reconsideration, challenging the District Court's conclusion that his Eighth Amendment claim lacked merit and asserting that he substantially complied with the affidavit of merit requirement. (ECF #70-1). The defendants filed briefs in opposition to the motion for reconsideration,

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

arguing, inter alia, that it was untimely filed. (ECF #71 & 72). On September 20, 2018, the District Court denied Kadonsky's motion on the merits. Kadonsky filed a notice of appeal on October 12, 2018.

Pursuant to 28 U.S.C. § 1291, we have jurisdiction to review the order denying the motion for reconsideration. See Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 & n.19 (3d Cir. 2012). We review a denial of a motion for reconsideration for abuse of discretion, while reviewing the District Court's underlying legal determinations de novo and its factual determinations for clear error.[1] See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm the District Court's order if there is no substantial question presented by the appeal. See Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

[1] In his notice of appeal, Kadonsky states that he seeks to appeal from the order entered by the District Court on March 29, 2018. We lack jurisdiction over that order, however. A notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). This requirement is "mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)). Here, Kadonsky's notice of appeal was filed over six months after the entry of the District Court's order of March 29, 2018. We note that Kadonsky's motion for reconsideration, which was filed more than 28 days after entry of the District Court's order, did not toll the time to file an appeal. See Fed. R. Civ. Pro. 59(e) (providing that a motion to alter of amend the judgment must be filed no later than 28 days after the entry of the judgment); United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (stating that an untimely filed motion for reconsideration does not toll the time to file an appeal). Although the District Court considered Kadonsky's motion for reconsideration on the merits, that did not render Kadonsky's untimely motion timely for the purposes of Rule 4(a)(4) of the Federal Rules of Appellate Procedure. Cf. Lizardo v. United States, 619 F.3d 273, 274, 276 (3d Cir. 2010).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677. "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

In large part, Kadonsky's motion for reconsideration repeated arguments that he had made in his previous filings. We have held, however, that a motion for reconsideration that "advanced the same arguments that were in [the plaintiff's] complaint and motions" did not provide "a proper basis for reconsideration." Id. Kadonsky also challenged specific findings of fact that the District Court made in connection with his Eighth Amendment claim. For example, he asserted that the District Court incorrectly concluded that he had diagnosed himself as having suffered from a stroke, mischaracterized an MRI as "precautionary," and falsely stated that treatment began soon after that test. (ECF #70-1, p. 7-12). Notably, however, the District Court's conclusions were supported by the record, which indicated that Kadonsky told a nurse that he "experienced a stroke last week," (ECF #47-3, ¶ 6), that the MRI was ordered because he "continue[d] to experience visual symptoms and headaches," (ECF #1-1, p. 21), and that he had timely medical examinations, including a neurological assessment, once the MRI results became available, (ECF 48-4, p. 100-09). Accordingly, we conclude that the District Court properly denied Kadonsky's request for reconsideration of his Eighth Amendment claims.

With respect to his medical malpractice claim, Kadonsky argued that reconsideration was warranted because the District Court erred in concluding that he failed to qualify for an exception to the affidavit of merit requirement. (ECF #70-1 p. 30-46). The New Jersey affidavit of merit statute requires that a plaintiff in a malpractice action must, within 60 days after an answer to the complaint, provide each defendant with an affidavit that a "reasonable probability" exists that the care that is the subject of the complaint falls outside acceptable professional standards. N.J. Stat. Ann. § 2A:53A-27; see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 273 (3d Cir. 2002) (stating that the requirement "is enforceable in the district courts when New Jersey law applies"). Kadonsky did not submit an affidavit of merit but argued that he should be excused from doing so. See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown P.C., 692 F.3d 283, 305 (3d Cir. 2012) (recognizing that there are "limited exceptions" to the affidavit requirement).

First, he relied on New Jersey Statute § 2A:53A–28, which provides that, "[i]n lieu of an affidavit," the plaintiff may provide a sworn statement that, after written request, the defendant failed to provide the plaintiff with records that have a "substantial bearing on the preparation of the affidavit." According to Kadonsky, he could not submit an affidavit of merit because defendants failed to provide him with a DVD of the MRI. The District Court rejected this claim because Kadonsky did not submit to the defendants a request indicating that the DVD was necessary for the preparation of the affidavit of merit. See Scaffidi v. Horvitz, 779 A.2d 439, 440 (N.J. Super. Ct. App. Div. 2001) (stating that "plaintiff must give the defendant reasonable notice that particular medical

records or other information are needed to prepare an affidavit of merit in order to obtain relief from" § 2A:53A-27). In his motion for reconsideration, Kadonsky argued that he substantially complied with § 2A:53A-28 by mentioning the DVD in his requests to prison staff, in his amended complaint, in his discussions with opposing counsel, and in various filings in the District Court. See (ECF #70-1, p. 34-40). Notably, however, none of that information is new and, while it suggests that Kadonsky believed that the DVD was an important piece of evidence, it does not establish that he provided the defendants with the proper notification. Cf. Scaffidi, 779 A.2d at 443 ("A plaintiff may request a great variety of documents to assist in the preparation of a case that are not essential for the preparation of an affidavit of merit."). Therefore, the District Court did not abuse its discretion in denying the motion for reconsideration on the basis that Kadonsky had not satisfied the exception in § 2A:53A-28.[2]

Second, Kadonsky argued that an affidavit of merit was not required because his claims could be resolved based on common knowledge. See Hubbard v. Reed, 774 A.2d 495, 499-500 (N.J. 2001) (holding that no affidavit of merit need be filed in "common knowledge" malpractice cases). The District Court rejected this argument, concluding that a "lay person would not have any knowledge as to whether the treatment that

[2] Kadonsky also suggested that the District Court should have held a case management conference to explain his obligation to file an affidavit of merit. (ECF #70-1, p. 35, 39). In support of this contention, he relied on Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 780 (N.J. 2003), which provides for case management conferences early in malpractice cases "to ensure compliance" with discovery and the affidavit of merit statute. We have recognized, however, that a Ferreira conference is not a substantive requirement. See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund, 692 F.3d at 304-05.

[Kadonsky] received amounted to negligence or malpractice." (ECF #68, p. 9). Kadonsky's motion for reconsideration provided no valid basis for revising that determination. Instead, he merely contended that "[i]t is common knowledge that … if the pain maintains at a torturous level and … the few aspirin and Motrin are doing nothing for the pain, a different treatment is necessary. (ECF #70-1, p. 40 (emphasis omitted)). But, as the District Court originally explained, "[w]hether the treatment and tests [Kadonsky] received were medically proper, and whether objectively reasonable medical care would have resulted in an earlier proper diagnosis, are questions that must be answered by a competent medical professional." (ECF #68, p. 9); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 579 (3d Cir. 2003) ("The factual predicate for a common knowledge case is one where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." (citations and quotations omitted)). Because Kadonsky failed to demonstrate that the common knowledge exception was applicable, the District Court properly denied the motion for reconsideration.

For the foregoing reasons, we will summarily affirm the District Court's denial of Kadonsky's motion for reconsideration. See 3d Cir. I.O.P. 10.6, 3d Cir. L.A.R. 27.4.