**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3718-22

TRACY SCAGGS,

      Plaintiff-Respondent,

v.

PETER A. WISHNIE, D.P.M.,
and FAMILY FOOT & ANKLE
SPECIALISTS, LLC,

      Defendants-Appellants,

and

CHRISTINA SAWIRES, D.P.M.,

      Defendant.

_____

          Submitted November 8, 2023 – Decided November 30, 2023

          Before Judges Sumners and Smith.

          On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2939-22.

Buckley Theroux Kline & Cooley, LLC, attorneys for appellants (Jeremy P. Cooley, of counsel; Daniel R. Esposito and Michael P. Opacki, on the briefs).

Drazin & Warshaw, PC, attorneys for respondent (Justin L. Drazin, of counsel; Steven L. Kessel, on the brief).

PER CURIAM

Plaintiff Tracy Scaggs sued defendants Peter A. Wishnie, D.P.M., Christina Sawires, D.P.M, and Family Foot and Ankle Specialists, LLC. alleging medical malpractice related to surgery on her infected toe. The same day suit was filed, plaintiff's counsel mailed a request for medical records to defendants stating: "[P]lease provide a complete, certified copy of all records pertaining to Tracy Scaggs. Please include typed transcription of any handwritten notes. A signed medical authorization is enclosed. Please note these records are necessary in the preparation of an [a]ffidavit of [m]erit [(AOM)]."

When defendants failed to provide the medical records within forty-five days, plaintiff filed a motion to waive the statutory requirement that she file an AOM because she was unable to do so without the records. See N.J.S.A. 2A:53A-28. Fourteen days after the motion was filed, and prior to the adjourned

2

A-3718-22

oral argument date of March 31, 2023, defendants provided plaintiff her medical records.

The day plaintiff's motion was argued, defendants[1] filed a motion to dismiss plaintiff's complaint for failure to supply an AOM within 120 days of defendants' answer per the Affidavit of Merit Statute (AMS), N.J.S.A. 2A:53A-26 to -29. At argument, the motion judge requested supplemental briefing on the waiver motion as well as the motion to dismiss, which was returnable a month later. The judge advised the parties the motions would be heard together. About two weeks before the motions' argument, plaintiff served an AOM on defendants at a Ferreira[2] conference.

At the motions' oral argument, plaintiff contended the AOM should be waived because she certified defendants failed to comply with the AMS by timely providing her the medical records needed to prepare an AOM.

---

[1] Sawires later withdrew her motion to dismiss for failure to provide an AOM. She is not a party to this appeal. References hereafter to "defendants," do not include her.

[2] In Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 154-55 (2003), the Court mandated that a "case management conference be held within ninety days of the service of an answer in all malpractice actions," at which time "the court will address all discovery issues, including whether an [AOM] has been served on defendant. . . . If no affidavit has been served, the court will remind the parties of their obligations under the statute and case law."

Defendants opposed, asserting "plaintiff failed to identify with any specificity what medical records were required to be produced necessary for the preparation of the [AOM]" or "demonstrate that the records requested had a substantial bearing on [the] preparation of the affidavit."

The judge reserved decision and thereafter issued separate orders and written statements of reasons granting plaintiff's motion to waive the AOM requirement and denying defendants' motion to dismiss the complaint.

In granting plaintiff's motion to waive, the judge stated:

> While the [c]ourt remains concerned that [p]laintiff is using N.J.S.A. 2A:53-28 as a sword and not a shield for when those defendants have not provided essential medical records. See, [e.g.], Davies v. Imbesi, [328 N.J. Super. 372, 376] (App Div. 2000) (finding "the Legislature recognized that in certain instances a plaintiff might be unable to supply an [AOM] because a recalcitrant defendant had failed to supply required records"). In N.J.S.A. 2A:53A-28, the Legislature required only one thing: a sworn statement that the defendant failed to respond within forty-five days to a written request for medical records or other information "having a substantial bearing on [the] preparation of the affidavit." Here[,] . . . defendants did not provide any medical records, so clearly the medical records would have had a substantial bearing on the preparation of the affidavit.

In denying defendant's motion to dismiss, the judge determined:

> The [c]ourt has concluded that . . . [p]laintiff was exempted from the affidavit of merit requirement

4

pursuant to [N.J.S.A.] 2A:53A-28. Thus, there is no failure to state a claim based on the missing [AOM] because the [AOM] did not have to be provided. Hence, this motion should not be granted as [d]efendants have failed to prove that relief cannot be provided. The [AOM] has now been provided by . . . plaintiff although provided more than 120 days after the filing of the answer. The [c]ourt however, had concluded that providing an [AOM] was not necessary.

We granted defendants leave to appeal. Defendants essentially reiterate the arguments rejected by the motion judge. They contend their delay in providing plaintiff the medical records did not have a substantial bearing on her preparation of the AOM; thus, she was still obligated to provide an AOM. Plaintiff should not be permitted to use the waiver exemption as a sword to defeat the AMS's requirements, according to defendants. Citing Scaffidi v. Horvitz, 343 N.J. Super. 552, 559 (App. Div. 2001), defendants assert plaintiff's request for "all records" was inadequate due to her failure to "specif[y] what medical records were required . . . for the preparation of the AOM." Moreover, plaintiff should have sent the records request to defense counsel instead of sending it directly to defendants—or communicated defendant's failure to comply to defense counsel after receiving the answer. Defendants therefore maintain plaintiff's complaint should be dismissed with prejudice for not filing a timely AOM.

A-3718-22

In our de novo review of the motion judge's orders, see Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014) (prescribing de novo review of statutory interpretation issues); R. 4:6-2(e), we conclude there is no merit to defendants' arguments and affirm substantially for the reasons expressed by the motion judge. We add the following brief comments.

"In the early stages of a medical malpractice action, a plaintiff must provide an affidavit from an equivalently credentialed physician attesting 'that there exists a reasonable probability that the' defendant physician's treatment 'fell outside acceptable professional' standards." Buck v. Henry, 207 N.J. 377, 382 (2011) (quoting N.J.S.A. 2A:53A-27). "Under the [AMS], the failure to file an appropriate affidavit within the statutory time limits may result in dismissal of even meritorious cases." Ibid. (internal citation omitted).

In accordance with N.J.S.A. 2A:53A-28, a plaintiff may be exempt from providing an AOM by certifying it could not be provided because defendants failed to satisfy a medical records request. See also Aster ex rel. Garofalo v. Shoreline Behav. Health, 346 N.J. Super. 536, 545-46 (App. Div. 2002). A certification may be presented at the Ferreira conference, which was purposely created to "remind the parties of the sanctions that will be imposed if they do not fulfill their [AOM] obligations." Ferreira, 178 N.J. at 147.

Well in advance of the Ferreira conference, plaintiff complied with N.J.S.A. 2A:53A-28 by presenting a certification—stating defendants failed to timely provide medical records needed to prepare an AOM—with her motion to waive the AOM requirement. This differs from Scafidi, where the plaintiff sought records through uniform interrogatories and a notice to produce documents without sending a separate request per N.J.S.A. 2A:53A-28, stating the records were needed to prepare an AOM. 343 N.J. Super. at 559. We thus held the plaintiff was not excluded from filing a timely AOM because of the failure to comply with N.J.S.A. 2A:53A-28. Id.

Plaintiff here fully complied with the statute. Defendants moreover have not made a showing sufficient to overcome the presumption "that the records [they] failed to furnish had 'a substantial bearing on preparation of the affidavit.'" Aster, 346 N.J. Super at 544 (quoting N.J.S.A. 2A:53A-28). Accordingly, plaintiff was exempt from filing an AOM. And because plaintiff was exempt—even though an AOM was provided after receipt of the medical records—there was no legal basis to dismiss her complaint for failure to provide a timely AOM.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3718-22