**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0027-22

JESSICA WASHINGTON,

    Plaintiff-Appellant,

v.

NEWARK BOARD OF
EDUCATION, UNIVERSITY
HOSPITAL,[1] and CITY OF
NEWARK,

    Defendants-Respondents.

_____

Argued October 3, 2023 – Decided December 19, 2023

Before Judges Sumners and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4225-21.

David E. Maran argued the cause for appellant (Maran & Maran, PC, attorneys; David E. Maran, on the briefs).

Sarah K. Delahant argued the cause for respondent Newark Board of Education (Methfessel & Werbel, attorneys; Sarah K. Delahant, on the brief).

---

[1] Improperly pled as University Hospital Medical Response.

PER CURIAM

Plaintiff Jessica Washington, seeking damages for the wrongful death of her eight-year-old daughter, filed a complaint alleging multiple negligent acts, some committed by her daughter's teacher and others by a school nurse. The Newark Board of Education (Board) moved to dismiss the complaint for failure to provide an affidavit of merit (AOM), per the Affidavit of Merit statute (AMS) N.J.S.A. 2A:53A-26 to -29, arguing Washington's claim that her daughter was overmedicated by a school nurse, a licensed professional as a registered nurse, required an AOM. In opposition, Washington submitted a sworn statement, claiming she was unable to provide an AOM because the Board had not responded to her request for her daughter's school records. Washington also claimed an AOM was not required for her allegations against the teacher, who, unlike the school nurse, was not a licensed professional. The trial court entered an order dismissing Washington's complaint with prejudice.

Washington appeals, arguing the trial court erred in dismissing her complaint against the Board because: (1) she was excused from providing an AOM regarding the school nurse's conduct due to the Board's three-year delay in providing her the requested school records; and (2) her allegations regarding

A-0027-22

the teacher's conduct did not require an AOM.  We affirm in part and reverse in part.

We agree with the dismissal of Washington's claims attributed to the school nurse's conduct because she failed to provide an AOM after the Board provided her the requested records.  We disagree, however, with the dismissal of Washington's claims against the Board arising from the teacher's conduct because an AOM was not required for the teacher, a non-licensed professional under the AMS, and the Board could potentially be vicariously liable for the teacher's conduct.

I.

Washington's daughter Karaji Samiyah Jones, who had asthma, died on May 21, 2019, after going into cardiac arrest while eating in Washington's car after school one hour after Washington picked her up from elementary school and two hours class was dismissed.  The next day, Washington went to school and sought information about Karaji's death, including records of medical treatment she received from the school nurse.   Washington was unsuccessful.

At Karaji's funeral on June 3, according to Washington, another teacher told her the school nurse may have improperly medicated Karaji on the day she

died. Washington thereafter made several more unsuccessful in-person records requests.

Almost two years after Karaji's death, Washington filed a self-represented complaint against the Board, University Hospital, and the City of Newark. Claims against the latter two defendants were dismissed.[2] The complaint alleged:

> Karaji Jones was in school 05-21-19 when negligence [occurred]. I'm asking the school for information about what took place in school to lead to my daughter['s] death. I was told from kids' parents that my daughter['s] teacher was [dragging] her in the hallway then left her alone in the [midst] of her having an asthma attack.

The complaint also alleged:

> 1. On 05-21-19[,] Karaji S. Jones los[t] her life due to negligence on the behave [sic] of the school nurse and teacher. I was told by the teacher after her passing said the nurse gave my daughter 3 to many treatment[s].
>
> 2. Karaji['s] twin sister also states that the teacher left my sickly daughter in the hallway crying after drag[g]ing her up and down the hallways.
>
> 3. I was not notified of anything that took place 05-21-19. The nurse nor the teacher called to tell me my child

---

[2] Although Washington named University Hospital and the City of Newark in her notice of appeal as respondents, they are not parties to this appeal. The City of Newark withdrew its motion to dismiss after Washington and the City signed a stipulation of dismissal. Washington did not oppose University Hospital's motion to dismiss, which the trial court granted.

A-0027-22

was having any attacks. After school I picked my kids up from school and still wasn't aware of what took place.

The complaint did not name as defendants the school nurse, the teacher, or any fictitious defendants.

When the Board answered the complaint, it demanded an AOM per N.J.S.A. 2A:53A-27. Washington filed a motion for additional time to obtain an AOM. At a Ferreira[3] conference, the court ordered Washington to provide an AOM by a date certain.

Washington did not submit an AOM. On March 21, 2022, the Board cross-moved to dismiss the complaint for failure to provide an AOM. Eight days later, Washington emailed the Board's attorney requesting Karaji's school records.

The trial court denied the Board's cross-motion after Washington informed the court two nurses worked at Karaji's school on the day she died. The court permitted discovery to determine if the nurse who treated Karaji was

---

[3] In Ferreira v. Rancocas Orthopedic Associates, our Supreme Court mandated a "case management conference be held within ninety days of the service of an answer in all malpractice actions," at which "the court will address all discovery issues, including whether an [AOM] has been served on [the] defendant" and "whether [the defendant] has any objections to the adequacy of the affidavit." 178 N.J. 144, 154-55 (2003).

a registered professional nurse, subject to the requirements of the AMS.[4] The Board agreed with the court that an AOM was not necessary to substantiate Washington's "claims against the teacher."

On May 5, Washington provided the Board the necessary authorization to release Karaji's records, leading to her receipt of the records nineteen days later. The records included the school nurse's log showing Karaji "was given no medication at the school on" the day she died. Washington provided these records to Karaji's pediatrician, who told Washington she could not provide an AOM against the nurse.

The Board subsequently filed a second motion to dismiss the complaint with prejudice for failure to provide an AOM. In support, each school nurse certified she was "a [r]egistered [n]urse in good standing" when Karaji died. Washington sent a letter to the trial court stating the Board had denied her Karaji's school records and the records it had provided were incomplete and unusable for obtaining an AOM. As such, she relied upon N.J.S.A. 2A:53A-28 by submitting "a sworn statement in lieu of affidavit" to be relieved of her obligation to provide an AOM.

---

[4] As opposed to a licensed practical nurse. See N.J.S.A. 45:11-23(b). The AMS only includes "registered professional nurse[s]," rather than all nurses, as licensed persons. N.J.S.A. 2A:53A-26(i).

During oral argument, Washington questioned "why she still [needed] to get an [AOM] when the teacher don't need [one]."  The trial court granted the Board's motion.  In its bench decision, the trial court ruled Washington was required to provide an AOM because the nurse who allegedly treated her daughter was a registered nurse and therefore a licensed person under the AMS.  Despite the court previously acknowledging an AOM was not necessary for allegations based on the teacher's conduct, the court's order dismissed the entire complaint with prejudice.

## II.

## A.

Before us, Washington, now represented by counsel, repeats her claim that she followed the AMS, by submitting "a sworn statement in lieu of affidavit" after the Board repeatedly denied her in-person records requests.  See N.J.S.A. 2A:53A-28.  She concedes the Board gave her the requested records but argues she may still submit a sworn statement in lieu of an AOM because the Board took over three years to fulfill her requests and, when it finally gave her "some records," it omitted many documents Washington expected to receive, such as report cards and medical records Washington gave the school when her daughter was alive.  We disagree.

A-0027-22

The AMS "imposes a special requirement upon plaintiffs bringing lawsuits claiming malpractice or negligence by certain enumerated professionals." Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 416 N.J. Super. 1, 14 (App. Div. 2010). N.J.S.A. 2A:53A-27 specifically provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

This requirement allows courts to "identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process." Meehan v. Antonellis, 226 N.J. 216, 229 (2016) (citing Hubbard v. Reed, 168 N.J. 387, 395 (2001)).

The Legislature, however, did not seek to "create a minefield of hyper-technicalities [that] doom innocent litigants possessing meritorious claims." Ferreira, 178 N.J. at 151 (citation omitted). Thus, N.J.S.A. 2A:53A-28 provides:

> An affidavit shall not be required . . . if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

Washington's complaint—albeit unartfully—pled two claims, each addressing negligence by a different person's misconduct. A complaint can contain multiple claims because "the plaintiff alleges that the harm was caused by two or more independent torts that occurred at different times and are distinct from one another." Glassman v. Friedel, 249 N.J. 199, 223 (2021). With respect to the school nurse, Washington claimed the school nurse overmedicated her daughter.

Based on our de novo review of the trial court's order, Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022), we agree with the court that Washington did not meet N.J.S.A. 2A:53A-28's sworn statement requirements with respect to the school nurse's alleged conduct. Washington's claim that the Board took three years to fulfill her records requests is irrelevant. To submit a

sworn statement, forty-five days must follow "a <u>written</u> request"[5] for records, N.J.S.A. 2A:53A-28 (emphasis added), which excludes Washington's initial in-person requests. The phrase "along with, if necessary, a signed authorization," <u>id.</u>, suggests Washington must also authorize release before the waiting period begins, <u>see</u> <u>Hubbard</u>, 168 N.J. at 396 (calling for a "practical common[-]sense interpretation of the statute"). Accordingly, the forty-five-day waiting period began when Washington submitted the authorization form on May 5, 2022.

Because the Board provided the records nineteen days later, Washington's sworn statement that she could not provide an AOM because the Board refused her records request was hollow. <u>See</u> <u>Scaffidi v. Horvitz</u>, 343 N.J. Super. 552, 554 (App. Div. 2001) (holding "because the plaintiff in this action received all the medical records required to prepare an [AOM] within forty-five days after" submitting a proper records request, "the trial court correctly concluded that plaintiff was not entitled to relief from the requirement of providing an [AOM] within the time allowed under N.J.S.A. 2A:53A-27"). The doctor's inability to

---

[5] Although N.J.S.A. 2A:53A-28 requires "certified mail or personal service," there Washington's email satisfied the statute because there is no dispute the Board received the request. <u>See</u> <u>Aster ex rel. Garofalo v. Shoreline Behav. Health</u>, 346 N.J. Super. 536, 545 n.6 (App. Div. 2002).

provide an AOM after reviewing the school records Washington obtained from the Board does not excuse Washington's failure to provide one. See id. at 559.

N.J.S.A. 2A:53A-28 is not a loophole to avoid providing an AOM for plaintiffs who cannot not find affiants willing to attest to their claims' meritoriousness. See Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 350 (2001). The statute is reserved for plaintiffs who cannot obtain an AOM because "a recalcitrant defendant ha[s] failed to supply [the] required records." Davies v. Imbesi, 328 N.J. Super. 372, 376 (App. Div. 2000). Moreover, there is no indication there are additional unprovided records which would allow an AOM to support Washington's claims against the school nurse. Thus, the trial court's dismissal of claims related to the school nurse were properly dismissed with prejudice because Washington never provided an AOM substantiating the likelihood either school nurse "deviated from applicable standards of care" for registered nurses. See McCormick v. State, 446 N.J. Super. 603, 607 (App. Div. 2016).

## B.

As for the claims against the teacher, Washington alleged the teacher dragged Karaji "up and down the hallways" during an asthma attack. She did not need provide an AOM to support her allegations against the teacher, who is

not a licensed person under the AMS. N.J.S.A. 2A:53A-26. She claims she is "entitled to discovery to find out if the teacher may have been negligent by failing to see to it that Karaji went to the nurse" for any treatment she needed on the day she died. During oral argument, the trial court and defense counsel differentiated Washington's "claims against the teacher" from her allegations against the nurse. The court, however, did not address the allegations against the teacher when considering the Board's motion to dismiss.

Because teachers are not licensed persons under the AMS, the court should not have dismissed the complaint's allegations pertaining to the teacher's alleged conduct. Given the Board's motion was based solely on Washington's failure to supply an AOM, there was no basis to dismiss the entirety of her complaint—particularly, allegations regarding the teacher.

The Board contends we should affirm dismissal of the entire complaint with prejudice because: (1) the complaint does not name the teacher as a co-defendant and "neither includes a negligent supervision count nor articulates a factual basis against [her];" (2) Washington cannot amend her complaint to add them because the two-year statute of limitations to sue the Board for wrongful death, N.J.S.A. 2A:14-2, was not tolled under the fictitious party rule, R. 4:26-4; and (3) "discovery will not reveal a viable claim against [the Board]." We

agree the fictitious party rule does not apply because the complaint names no fictitious defendants.

As to Washington's claim against the Board based on the teacher's conduct, she apparently relies on a vicarious liability theory of negligence. The complaint names the Board—the employer—but alleges negligent conduct by the teacher—its employee. See Carter v. Reynolds, 175 N.J. 402, 409 (2003) (setting forth the test for vicarious liability as "(1) that [an employer-employee] relationship existed and (2) that the tortious act of the [employee] occurred within the scope of that employment"). Washington may sue an employer under vicarious liability without naming the employee as a co-defendant. Walker v. Choudhary, 425 N.J. Super. 135, 148-49 (App. Div. 2012).

In reversing the trial court's order and allowing Washington to pursue claims against the Board involving the teacher's conduct, we express no opinion on whether the claims have sufficient merit to survive any future Board motions or will prevail should this matter go to trial.

Affirmed as to claims arising from the school nurse's conduct, reversed as to claims arising from the teacher's conduct. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION